UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHARLES K. LARSON,

Plaintiff,

v.

MINNESOTA CHAMBER BUSINESS SERVICES, INC. EMPLOYEE WELFARE PLAN, and METROPOLITAN LIFE INSURANCE COMPANY,

Defendants.

CIVIL NO. 00-350 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on August 14, 2000 upon Plaintiff's Motion to Compel. [Docket No. 7]. Robert J. Hajek, Esq. appeared for Plaintiff; Kevin Patrick Hickey, Esq. appeared for Defendants. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel [Docket No. 7] is granted as follows: Defendants shall provide a copy of the MetLife Claims Management Guidelines to Plaintiff no later than October 2, 2000 for the reasons set forth in the accompanying Memorandum. Plaintiff's Motion is in all other respects denied.

Dated: September 25, 2000

JOHN M. MASON
United States Magistrate Judge

SEP 25 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## MEMORANDUM

## I. FACTS

Plaintiff applied for long-term disability benefits from Defendant Minnesota Chamber Business Services, Inc. Employee Welfare Plan (the "MCBS Plan"). The MCBS Plan is insured by Defendant Metropolitan Life Insurance Company ("MetLife"). Under the terms of the MCBS Plan, each application for benefits is first reviewed by one or more employees of MetLife. Once these reviewers have examined the claim and made their decision, the applicant is notified of the result.

In Plaintiff's case, the reviewing employee(s) at MetLife chose to deny his application for benefits. In its letter to Plaintiff explaining the denial, MetLife case manager Marie Walton stated that she had reviewed medical reports from Drs. Rousey and MacRae before making her decision.

The MCBS Plan provides a procedure for appealing an initial denial of benefits. The review on appeal is also conducted by MetLife. Plaintiff chose to appeal the denial of benefits; however, Plaintiff did not submit his appeal within the 60-day time limit set out in the MCBS Plan. When Plaintiff did submit an appeal, MetLife sent a letter to Plaintiff's attorney requesting "good reason" why Plaintiff's appeal was not timely. Hickey Aff. Ex. B. Plaintiff's counsel responded with a letter in which he explained that Plaintiff was unable to submit his appeal notice in a timely matter because he was "medically incapacitated and under the care of a licensed psychologist." The letter went on to say that Dr. Selin, Plaintiff's psychologist, could confirm this information, and provided Dr. Selin's telephone number. Defendants accepted this as good reason why Plaintiff's appeal was

untimely, and proceeded to consider his appeal on the merits.

In his appeal, Plaintiff submitted additional information to MetLife, including a letter from the Social Security Administration ("SSA") indicating that Plaintiff had been found eligible for social security disability benefits. Plaintiff's Aff. Ex. 3. The appeal was denied.

Plaintiff now seeks review of Defendants' denial of long-term disability benefits, both initially and in his appeal. Plaintiff contends that a conflict of interest exited on the part of MetLife, and that procedural irregularities occurred which prejudiced Plaintiff, including MetLife's failure to adequately develop the record when reviewing Plaintiff's claim. Plaintiff seeks an Order requiring Defendants to produce a copy of the Claims Management Guidelines for the MCBS Plan, and the opportunity to depose three MetLife employees who allegedly participated in the review of Plaintiff's claim.[1] The parties agree that this dispute is governed by the Employee Retirement Income Security Act ("ERISA").

## II. DISCUSSION

When reviewing a decision to deny benefits, the Court is limited to a review of the evidence that was before the administrator when the claim was denied. Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 777 (8th Cir. 1998). Based on this limitation, as a general rule, courts do not allow the parties in ERISA cases to take

[1] It appears that Plaintiff has not made a formal, written request for the discovery sought. However, it is clear from the parties' pleadings with respect to this Motion that Defendants would refuse to produce the requested discovery, objecting to the requests on the basis of lack of relevance. For purposes of deciding this Motion, we will assume that Plaintiff has requested the additional documents and depositions, and that Defendants have made a relevance objection.

additional discovery. See, e.g., Maune v. IBEW, Local No. 1, Health and Welfare Fund, 83 F.3d 959, 963 (8th Cir. 1996). We conclude, however, that a party may obtain discovery to substantiate its claim that the finder of fact failed to fully develop the record.

Particularly where the District Court is limited to a review of the record developed below, the District Court must ensure that that record was fully and fairly developed. This rule has been widely applied in appeals regarding Social Security disability benefits. See, e.g., Onstad v. Shalala, 999 F.2d 1232 (8th Cir. 1993)(court will remand to ALJ where claimant was prejudiced or treated unfairly by how the ALJ did or did not develop the record.) We hold now that this rule is also applicable to ERISA cases.

The procedural similarity between instant case, in which the Court is called upon to review a plan administrator's denial of disability benefits under an ERISA plan, and a social security case, where we are called upon to review the decision of an administrative law judge (ALJ) on a claimant's application for social security disability benefits, is readily apparent. In both cases, the Court must rely on the record developed by an administrative fact-finder, and is limited to a review of the materials and evidence in the record developed below.

Where a claimant is seeking Social Security disability benefits, the fact-finder (in that case, an ALJ) has a duty to develop the record fully and fairly. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). The purpose behind this requirement is twofold. First, it promotes the goal of providing benefits to deserving claimants. Battles v. Shalala, 36 F.3d 43, 44-45 (8th Cir. 1994). Second, "[a]n adequate hearing is indispensable because a reviewing court may consider only the Secretary's final decision [and] the evidence in the administrative transcript on which the decision was based." Id. This

reasoning is equally applicable in ERISA cases.

In Gasaway v. Apfel, 187 F.3d 840 (8th Cir. 1999), the Eighth Circuit remanded the appellant's application for Social Security benefits for further development of the record. The court found that the ALJ had possessed some information, such as a low IQ measurement and documents referencing learning problems and mental retardation, indicating that the appellant could potentially be mentally impaired. However, the ALJ failed to include in his report any indication that he had considered this evidence. Id. at 843. The court held that remand was appropriate to require the ALJ to inquire into a potential area of disability of which he had notice when considering appellant's application for benefits. The court noted that it had made similar rulings in previous cases, even where the applicants had not specifically asserted mental impairments as a basis for disability benefits in their applications. Id. at 843 (citing Thompson v. Sullivan, 878 F.2d 1108 (8th Cir. 1989); Dozier v. Heckler, 754 F.2d 274 (8th Cir. 1985)(per curiam)).

Gasaway can be easily analogized to the instant case. MetLife was on notice of Plaintiff's potential mental impairment. Plaintiff provided MetLife with the name and telephone number of his treating psychologist, whom he said would confirm that he was "medically incapacitated." There is no indication in the record that MetLife contacted, or attempted to contact, Plaintiff's treating psychologist. There is likewise no indication that MetLife considered the fact that Plaintiff had been found disabled by the Social Security Administration. Plaintiff seeks the discovery we have ordered for the purpose of substantiating that the evidence which was not considered was material to the decision of the fact finder.

The duty of courts to insure that the administrative record is complete has not been extensively explored in the ERISA context. However, courts that have touched on the issue have indicated that such a duty would be appropriate. See Vallone v. CNA Fin. Corp., 2000 WL 1015936 at *2 (N.D. Ill. May 16, 2000)(the duty of an administrative law judge under the SSA "has resonance in the ERISA context and the record assembled by the Plan Administrator should be complete"); Perlman v. Swiss Bank Comprehensive Disability, 195 F.3d 975, 982 (7th Cir. 1999)("discovery may be appropriate to investigate a claim that the plan's administrator did not do what it said it did – that, for example, the application was thrown in the trash rather than evaluated on the merits."). To hold otherwise would be to allow manifestly unjust results, such as a case where the plan administrator refuses to consider the reports of the claimant's treating physician, but denies benefits based on the opinion of a single doctor who has never met the claimant. If the court were limited to a review of the single medical opinion in the record, it could be forced to uphold the administrator's faulty decision.

In order to avoid such unfair results, we are adopting the method used by courts in reviewing social securities benefits cases. In a case under ERISA where the plan administrator has failed to fully and fairly develop the record, the reviewing court must remand the case for further development of that record. If discovery is necessary and appropriate to establish that the plan administrator did not properly develop the record, such discovery will be allowed.

As noted, it is the duty of the finder of fact not only to develop the record, but to consider all of the evidence presented. If the District Court concludes that the finder of fact failed to perform either of these duties, it may remand to require that it be done. It will

be the unusual case where a party is able to establish a need for discovery on the issue of whether the fact finder considered all of the evidence presented, since it is to be expected that the factors considered by the finder of fact will be set forth in the opinion rendered. Plaintiff's Motion seeks an Order permitting depositions of the decision makers, to establish that they failed to consider certain evidence. We are skeptical that depositions of the decision makers would ever be permissible. See Perkins v. LeCureux, 58 F.3d 214, 220 (6th Cir. 1995)(mental processes of judges may not be considered when reviewing their decisions)(citing Fayerweather v. Ritch, 195 U.S. 276, 306-07 (1904)). In any event, in this case, the record already contains a complete description of the evidence that was considered.

Plaintiff received notice that his appeal was denied from Sherrie Edwards, a disability resource specialist at MetLife. Hickey Aff. Ex. B. In that letter, Edwards stated that a review of Plaintiff's claim "consisted of medical records from Margaret A. MacRae, M.D. and Steven R. Rousey, M.D." Edwards' letter did not disclose any other information or records that had been reviewed in making the determination, and it therefore may be presumed that no other evidence was considered. Additional discovery to insure a complete record on this point is not required.

Plaintiff argues that he should be allowed to take additional discovery to support the application of a less deferential standard of review in his case. Ordinarily, an administrator's decision, based upon the record developed by that administrator, is reviewed for an abuse of discretion. Barnhart v. Unum Life Ins. Co. of Amer., 179 F.3d 583, 587 (8th Cir. 1999). However, a heightened standard may be triggered if Plaintiff presents "material, probative evidence demonstrating that (1) a palpable conflict of interest

or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to [him]." Id. at 588 (citation omitted). A plaintiff may be permitted to do additional discovery to establish that a conflict of interest or a procedural irregularity existed, for purposes of triggering a heightened standard of review. Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 776 n. 4 (8th Cir. 1998)(citation omitted). We have not decided Plaintiff's Motion on this basis, because we hold that, prior to conducting an actual review of the benefits determination, the Court has an obligation to ensure that the record developed below is complete.

J.M.M.